**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**LEANNA WEISSMAN**
Lawrenceburg, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**LARRY ALLEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| CARL GLEASON, | ) |
| | ) |
| Appellant-Defendant, | ) |
| | ) |
| vs. | )   No.  69A05-1403-CR-141 |
| | ) |
| STATE OF INDIANA, | ) |
| | ) |
| Appellee-Plaintiff. | ) |

APPEAL FROM THE RIPLEY CIRCUIT COURT
The Honorable Carl H. Taul, Judge
Cause No. 69C01-1306-FA-2

**November 13, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

**Case Summary**

Carl Gleason appeals his convictions for Class B felony sexual misconduct with a minor and Class C felony sexual misconduct with a minor. He also appeals his eighty-year sentence for two counts of Class A felony child molesting, Class B felony sexual misconduct with a minor, Class C felony sexual misconduct with a minor, and Class C felony vicarious sexual gratification. We affirm.

**Issues[1]**

We address the following two issues:

I. whether there is sufficient evidence to establish that the sexual misconduct with a minor offenses occurred during the charged timeframe; and

II. whether Gleason's eighty-year sentence is inappropriate.

**Facts**

In 2004, Gleason, who was born in 1958, moved in with his girlfriend, K.G., who had two children, A.G., who was born in 1992, and C.G., who was born in 1998. Gleason soon began babysitting A.G. and C.G. after school while K.G. worked. One afternoon when A.G. was twelve, A.G. looked into her mother's bedroom and saw Gleason watching pornography. Gleason was wearing only a shirt and was naked from the waist down and covered with a blanket. Gleason asked A.G. to come into the room and asked her to touch his penis. Gleason explained, "this is what little girls do and this is what they're meant for." Tr. p. 276.

---

[1] In his opening brief, Gleason raised a statute of limitations argument regarding his vicarious sexual gratification conviction. As the State points out, however, this offense is not included in the five-year statute of limitations. See Ind. Code 35-41-4-2(e)(2). In his reply brief, Gleason acknowledges that he

2

On another occasion, while A.G. was still twelve, Gleason instructed her to put her mouth on his penis. The abuse became more frequent, eventually occurring one or twice a week.

On one occasion, Gleason asked C.G. to touch A.G.'s breast while watching pornography. Gleason explained that he was "teaching" them. Id. at 291. On another occasion, C.G. walked in the room while A.G. was performing oral sex on Gleason, and Gleason explained he was checking A.G.'s hair for ticks.

Gleason continued to engage in oral sex with A.G. while she was thirteen, fourteen, and fifteen. When A.G. turned sixteen, Gleason began touching A.G., and they started having sexual intercourse. When A.G. was nineteen, she and Gleason moved out of K.G.'s house and into Gleason's camper. In November 2012, twenty-year-old A.G. gave birth to Gleason's child. Soon thereafter, she reported the sexual abuse to the police.

The State charged Gleason with two counts of Class A felony child molesting for acts that occurred while A.G. was under fourteen. The State also charged Gleason with Class B felony sexual misconduct with a minor and Class C felony sexual misconduct with a minor for acts that occurred between July 1, 2008, and August 22, 2008. Gleason was also charged with Class C felony vicarious sexual gratification.

A jury found Gleason guilty as charged. The trial court sentenced Gleason to forty years on each of the Class A felony convictions, thirteen years on the Class B felony conviction, and five years on the Class C felony convictions. The trial court ordered the sentences on the two Class A felony convictions to be served consecutively and the other

misread the statute and concedes this point. We appreciate counsel's candor on this issue.

3

sentences to be served concurrently, for a total sentence of eighty years. Gleason now appeals.

**Analysis**

*I. Sufficiency of the Evidence*

Gleason argues that there is insufficient evidence to establish that he committed sexual misconduct with a minor between July 1, 2008, and August 22, 2008, as charged by the State based on the statute of limitations and A.G.'s sixteenth birthday. When reviewing a challenge to the sufficiency of the evidence, we neither reweigh the evidence nor assess the credibility of witnesses. Bailey v. State, 979 N.E.2d 133, 135 (Ind. 2012). We view the evidence—even if conflicting—and all reasonable inferences drawn from it in a light most favorable to the conviction and affirm if there is substantial evidence of probative value supporting each element of the crime from which a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. Id.

Gleason does not claim that the alleged conduct was insufficient to prove the offenses. Instead, he contends the State failed to prove that the conduct occurred during the relevant period of time. Although A.G. did testify that there was a "big space" between the acts when they first began, she explained that, as she got older, "it progressed to be more and more." Tr. p. 280. A.G. testified that, when she was twelve the acts occurred once or twice a week. She testified that the acts continued to occur when she was fourteen and fifteen and that they progressed more as she turned fourteen and fifteen. This is consistent with Gleason's statement to police, which was played for the jury, in which he said that A.G. would perform

4

oral sex "[a] couple of times a week or something maybe." Id. at 428. Based on A.G.'s testimony and Gleason's statement about the frequency of the conduct, the jury could infer that Gleason committed the requisite conduct sometime during the seven-week period alleged by the State. This evidence is sufficient to support these convictions.

## II. Sentence

Gleason also argues that his eighty-year sentence is inappropriate. Indiana Appellate Rule 7(B) permits us to revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence is inappropriate in light of the nature of the offenses and the character of the offender. Although Rule 7(B) does not require us to be "extremely" deferential to a trial court's sentencing decision, we still must give due consideration to that decision. Rutherford v. State, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). We also understand and recognize the unique perspective a trial court brings to its sentencing decisions. Id. "Additionally, a defendant bears the burden of persuading the appellate court that his or her sentence is inappropriate." Id.

The principal role of Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." Cardwell v. State, 895 N.E.2d 1219, 1225 (Ind. 2008). We "should focus on the forest—the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." Id. Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the crime, the damage

5

done to others, and myriad other factors that come to light in a given case. Id. at 1224. When reviewing the appropriateness of a sentence under Rule 7(B), we may consider all aspects of the penal consequences imposed by the trial court in sentencing the defendant, including whether a portion of the sentence was suspended. Davidson v. State, 926 N.E.2d 1023, 1025 (Ind. 2010).

Gleason's conduct resulted in two Class A felony convictions, a Class B felony conviction, and two Class C felony convictions for which he was sentenced to a term of eighty years. Gleason argues that the imposition of consecutive sentences renders his sentence inappropriate. As our supreme court has explained, however, "In the vast majority of cases, whether these are derived from multiple or single counts, involve maximum or minimum sentences, and are concurrent or consecutive is of far less significance than the aggregate term of years." Cardwell, 895 N.E.2d at 1224. Here, we cannot say that the decision to impose consecutive sentences in and of itself renders his sentence inappropriate. Instead, we review the aggregate eighty-year sentence in light of the nature of the offenses and the character of the offender.

Regarding the nature of the offenses, Gleason was forty-six when he began molesting twelve-year-old A.G. Gleason was in a relationship with A.G.'s mother and was living with the family. The abuse began while Gleason babysat the children so that A.G.'s mother could work. Gleason groomed A.G. by showing her pornography and telling her what they were doing was "normal" and "this is what little girls do and this is what they're meant for." Tr. pp. 279, 276. Gleason continued to abuse A.G. regularly over the course of several years

6

and, eventually, their consensual relationship produced a child. Gleason also had A.G. and C.G. watch pornography together and had C.G. touch A.G.'s breast. Given the age difference between Gleason and A.G., Gleason's position of trust, and the ongoing nature of the abuse, we are not convinced that the lack of disease or physical injury calls for a reduction of the sentence as Gleason contends.

Likewise, we are not convinced that Gleason's character warrants a reduction of his sentence. Gleason presented extensive testimony at the sentencing hearing describing his troubled upbringing and in his brief contends that his "formative years read like a Dickens' novel." Appellant's Br. p. 25. At the sentencing hearing, Gleason painted himself as a victim when he described his life as "one long nightmare from the beginning to this day" and stated that he has "been at the mercy of a system that seems to have no mercy." Tr. p. 714. Even if we take his self-serving testimony at face value, we simply cannot agree that his upbringing requires us to reduce his sentence. Many people have troubled upbringings and go on to lead law-abiding lives. Moreover, Gleason's testimony evidenced his unwillingness to treat diagnosed mental health issues, his longtime use of illegal drugs, and his discharge from the military under dishonorable conditions.

As for Gleason's criminal history, which is relatively minor and remote, it does include an acquittal of a child rape charge in 1999 in Kentucky, suggesting he was on notice that his conduct with A.G. was illegal. Also, we cannot overlook the fact that Gleason repeatedly abused A.G. over the course of several years, eventually engaging in a consensual relationship that produced a child. Thus, this was not an isolated incident by someone whose

7

"hard upbringing made him misguided and confused[,]" but a calculated pattern of abuse. Appellant's Br. p. 29. Gleason has not established that his character necessitates the reduction of his sentence.

## Conclusion

There is sufficient evidence to support the sexual misconduct with a minor convictions, and Gleason has not established that his sentence is inappropriate. We affirm.

Affirmed.

BRADFORD, J, and BROWN, J., concur.